United States District Court
Southern District of Texas
**ENTERED**
November 04, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| D'ARBONNE BEND LLC, *et al*, | § |
| | § |
| Plaintiffs, | § |
| VS. | § CIVIL ACTION NO. 4:20-CV-589 |
| | § |
| PIERCE PARTNERS III, LLC, *et al*, | § |
| | § |
| Defendants. | § |

## ORDER

Pending before the Court is Defendant Pierce Partners, GP's[1] ("Pierce Partners" or "Defendant") Motion for Summary Judgment (Doc. No. 47) and its memorandum of law in support (Doc. No. 48). The Plaintiffs D'Arbonne Bend, LLC ("DBL") and Marcus Morton (collectively "Plaintiffs") did not respond to the motion. After considering the motion, briefing, summary-judgment evidence, and applicable law, the Court GRANTS the motion.

### I.   BACKGROUND

This case arises out of a straightforward commercial loan with a personal guaranty. In 2016, DBL executed a promissory note with Pierce Partners and Morton executed a personal guaranty of that note. Under the agreement, Pierce Partners lent $1,000,000.00 to DBL with an interest rate of 18% per annum and a maturity date of April 30, 2017. The purpose of the loan was for DBL and Morton to complete and theatrically release a motion picture entitled "Grow House." Neither DBL nor Morton made any payments on the note by the maturity date. Pierce Partners brought suit in the Southern District of Texas against Morton only as guarantor of the note and obtained a favorable judgment in the amount of the debt, plus interest and attorneys' fees.[2]

---

[1] The Defendant was apparently misnamed in the case style as it is a general partnership, not a limited liability company. (*See* Doc. No. 48 at 1, 2).

[2] *See Pierce Partners III, LLC v. Morton*, 4:19-CV-00335, 2020 WL 880863 (S.D. Tex. Feb. 21, 2020).

After Pierce Partners had instituted suit in the Southern District of Texas, but before that case went to judgment, DBL and Morton filed the instant suit in the Central District of California seeking a declaration that the note and guaranty should be governed by California law and that they are illegal and unenforceable under California's usury laws. The Defendant moved to transfer the case to the Southern District of Texas pursuant to the loan documents' forum-selection clause, which the California court granted. Pierce Partners now moves for summary judgment, claiming that, as a matter of law, the loan documents' choice-of-law provisions selecting Texas law are enforceable and that, under Texas law, the note and guaranty are not usurious.

## II.   LEGAL STANDARD

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence

raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a response to a motion will be submitted to the judge within 21 days after filing and that the failure to respond will be taken "as a representation of no opposition." Rule 7.4(a) plainly states that such responses must be filed by the submission date, which in this case passed some time ago. Therefore, the local rules would allow the Court to grant Defendant's motion as it should be considered unopposed. However, the Fifth Circuit has explained that, although it "has recognized the power of district courts to 'adopt local rules requiring parties who oppose motions to file statements of opposition,'" it has not "'approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation.'" *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (quoting *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985)). A motion for summary judgment is such a dispositive motion; consequently, the Court will consider the merits of Defendant's motion.

### III.  ANALYSIS

Usually, a transferee court is required to apply "the state law applicable in the original court," including the transferor court's forum state's choice-of-law principles. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 65 (2013) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964)). An exception to this general rule arises, however, where, as here, the transfer is made to enforce a forum-selection clause. *Id.* at 64 (a "transfer of venue will not carry with it the original venue's choice-of-law rules" when "a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum"). Therefore, the traditional rule that, when "making a choice of law determination, a federal court exercising

3

diversity jurisdiction must apply the choice of law rules of the forum state" applies. *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004). Here, the forum state is Texas.

Both the loan agreement and the guaranty at issue here provide in multiple clauses that Texas law will govern any disputes. (*See* Doc. No. 48, Ex. 3-A at 4–5; Ex. 3-C at 2). Generally, "Texas law favors the enforcement of contractual choice-of-law provisions." *DuVal Wiedmann, LLC v. InfoRocket.com, Inc.*, 620 F.3d 496, 501 (5th Cir. 2010). Courts will refuse to enforce such provisions only when:

> (1) 'the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice' or (2) the chosen law would be 'contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of applicable law in the absence of an effective choice of law by the parties.'

*W.-S. Life Assurance Co. v. Kaleh*, 879 F.3d 653, 658 (5th Cir. 2018) (quoting *Exxon Mobil Corp. v. Drennen*, 452 S.W.3d 319, 324–25 (Tex. 2014)). Neither situation is applicable here.

Pierce Partners includes summary judgment evidence that it is a Texas citizen (*See* Doc. No. 48, Ex. 2) with offices located in Pierce, Texas (*See id.*, Ex. 3-A) and that the place of performance of the loan documents was Texas (*See id.*, Ex. 3-B). These factors indicate that Texas has the required "substantial relationship" to the parties or transaction, and the Plaintiffs have not disputed this evidence. *See Resolution Tr. Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1319 (5th Cir. 1992). Further, there is no evidence that any state has a materially greater than Texas

4

does. *See Kaleh*, 879 F3d at 658. Consequently, the Court holds that the choice-of-law provisions in the note and the guaranty are enforceable.[3]

Since Texas law controls the construction of the note and guaranty, neither are "usurious and illegal" as the Plaintiffs contend in their original state-court pleading. (*See* Doc. No. 1, Ex. 1 at 2). The interest rate provided in the loan documents is 18% per annum. (Doc. No. 48, Ex. 3-B at 1). In Texas, the maximum permissible interest rate is 28% per annum for credit "extended for a business, commercial, investment, or similar purpose." Tex. Fin. Code § 303.009(c). The credit extended here was for the commercial purpose of making a movie. (*See* Doc. No. 48, Ex. 1 at 1). Therefore, the interest rate at issue here did not violate Texas law and the loan and guaranty are enforceable.

## IV. CONCLUSION

For the foregoing reasons, the Court grants the Defendant's motion for summary judgment and denies the declaratory relief requested by Plaintiffs in their original pleading.

Signed at Houston, Texas, this 4th day of November, 2020.

Andrew S. Hanen
United States District Judge

---

[3] It should be noted that the court in the parallel proceeding that went to judgment against Morton held that the choice-of-law provision in the guaranty was enforceable. *Morton*, 4:19-CV-00335, 2020 WL 880863, at *3. That holding very likely collaterally estops Morton from arguing that the guaranty's choice-of-law provision is unenforceable. *See Brown v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 905 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("The elements of collateral estoppel are (1) an issue of fact or law was actually litigated and determined by a valid judgment, and (2) that determination is essential to the judgment in the first action."). Nevertheless, this Court independently finds the choice-of-law provisions are enforceable in both the guaranty and the note.